NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 12-3479

———————————

CARL ABERNETHY, JR.,

Appellant

v.

TIMOTHY J. MERCER;
BRIAN LEWIS;
DIERDRI FISHEL

———————————

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-12-cv-00552)
District Judge: Honorable William W. Caldwell

———————————

Submitted Under Third Circuit LAR 34.1(a)
June 10, 2013

Before:  McKEE, Chief Judge, AMBRO, and NYGAARD, Circuit Judges

(Opinion filed: June 14, 2013)

———————————

OPINION

———————————

AMBRO, Circuit Judge

Plaintiff/Appellant Carl Abernethy, Jr. appeals from the District Court's dismissal of his claim for retaliation under the First Amendment on the ground that his complaints did not involve a matter of public concern. For the reasons that follow, we affirm.

I.

At all times relevant, Abernethy was employed as a Trooper with the Pennsylvania State Police and assigned to Troop G, Hollidaysburg. The genesis of Abernethy's claims is an alleged affair between his estranged wife and Defendant/Appellee Corporal Brian Lewis, a supervisor at Troop G, McConnellsburg Barracks. Abernethy filed for divorce from his wife in September 2009, and the following month they were granted shared custody of their four-year-old son. Abernathy discovered the affair shortly thereafter, resulting in his filing an internal Bureau of Professional Responsibility ("BPR") complaint against Corporal Lewis with Defendant/Appellee Captain Timothy Mercer, the commanding officer at Troop G, Hollidaysburg and Abernethy's direct supervisor. Captain Mercer sent Corporal Lewis a Captain's Letter of Reprimand for the unbecoming behavior but said that there was nothing further he could do about off-duty behavior.

Abernethy claims that, in retaliation for filing the BPR complaint, Corporal Lewis solicited Abernathy's estranged wife to make false allegations against him to Defendant/Appellee Deirdre Fishel, a State College Borough Police Officer. As a result, Captain Mercer placed Abernethy on restricted duty and directed him not to communicate with his estranged wife. Abernethy filed a grievance, and the restriction was revised to permit him to communicate with his wife concerning their son. Abernethy claims that the "so-called investigation" by the State Police into the complaints made by his

2

estranged wife to Officer Fishel led to "bogus disciplinary proceedings" against him, about which he allegedly filed grievances.

In March 2012, Abernethy filed a civil rights action pursuant to 42 U.S.C. § 1983 in the District Court for the Middle District of Pennsylvania, alleging he was subjected to an internal State Police investigation and improperly placed on restricted duty in retaliation for having spoken out on matters of public concern in violation of his rights under the First Amendment, and that he was denied his rights under the Fourteenth Amendment to access to courts and to family integrity. In August 2012, the District Court dismissed Abernethy's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Abernethy timely appealed the dismissal of his First Amendment retaliation claim.[1]

## II.

The District Court had subject matter jurisdiction over this § 1983 action pursuant to 28 U.S.C. §§ 1331 and 1343. We exercise appellate jurisdiction over the District Court's final order dismissing the complaint under 28 U.S.C. § 1291.

---

[1] Abernethy includes his Fourteenth Amendment claims in the statement of issues presented on appeal, but his brief contains no other mention of these claims. Rule 28(a) of the Federal Rules of Appellate Procedure requires not only identification of issues on appeal, but also presentation of supporting arguments and citations with respect to those issues. Compliance with these requirements is necessary to raise an issue on appeal, and failure to do so is a waiver. *See United States v. Voigt*, 89 F.3d 1050, 1064 n.4 (3d Cir. 1996). Because "passing reference to an issue in a brief will not suffice to bring that issue before this court on appeal," *Simmons v. City of Phila.*, 947 F.2d 1042, 1066 (3d Cir. 1991) (citations omitted), we deem Abernethy's access to courts and family integrity claims waived.

"Our review of a motion to dismiss is plenary." *Nuveen Mun. Trust ex rel. Nuveen High Yield Mun Bond Fund v. WithumSmith Brown, P.C.*, 692 F.3d 283, 293 (3d Cir. 2012) (citing *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 579 (3d Cir. 2003)). "We 'accept as true all well-pled factual allegations in the complaint and all reasonable inferences that can be drawn from them, and we affirm the order of dismissal only if the pleading does not plausibly suggest an entitlement to relief.'" *Id.* (quoting *Fellner v. Tri–Union Seafoods, L.L.C.*, 539 F.3d 237, 242 (3d Cir. 2008)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Factual allegations need only "raise a right to relief above the speculative level," though we "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell. Atl.*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

III.

Abernethy challenges the District Court's conclusion that his retaliation claim did not involve a matter of public interest, as is required for constitutionally protected speech. "In order to plead a retaliation claim under the First Amendment, a plaintiff must allege: (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006) (citing *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)). With respect to a public employee, the speech at issue must be

4

on a matter of public interest in order to garner First Amendment protection. *See Borden v. Sch. Dist.*, 523 F.3d 153, 168 (3d Cir. 2008) (noting First Amendment does not protect a public employee's speech that "relates only to his or her personal interest" (citing *Connick v. Myers*, 461 U.S. 138, 146 (1983))). If the employee's speech does involve a matter of public concern, then the court must weigh "'the interests of the [public employee], as a citizen, in commenting upon matters of public concern and the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees.'" *Id.* (alteration in original) (quoting *Pickering v. Bd. Of Educ.*, 391 U.S. 563, 568 (1968)). Whether speech speaks to a matter of public concern "must be determined by the content, form, and context of a given statement, as revealed by the whole record." *Connick*, 461 U.S. at 147–48.

The District Court rejected Abernethy's assertion that filing an internal BPR complaint against Corporal Lewis for having an affair with his wife was a matter of public concern, noting the speech was communicated only to other members of the State Police and dealt with Abernethy's marital issues. The District Court thus concluded the speech was a matter of purely private concern despite Abernethy's attempts to characterize his complaint as a matter of public corruption.

On appeal, Abernethy reiterates his allegations of coercion within the State Police, along with additional, sweeping accusations of a broader government conspiracy.[2] His

---

[2] To the extent Abernethy raises new grounds on which he bases his government conspiracy theory, we will not consider those issues for the first time on appeal. *See Tri-M Grp., LLC v. Sharp*, 638 F.3d 406, 416 (3d Cir. 2011). Even if we were to consider these allegations, they are unsupported by specific facts alleged in the complaint, and

5

complaint, however, contained no reference to any such corruption or conspiracy; rather, the District Court correctly found that the pleadings established the speech at issue here—internal grievances filed with the State Police—were based on Abernethy's divorce and relationship with his estranged wife. These are workplace complaints about the behavior of his supervisors, and there are no facts in the record to support the proposition that the complaints are a matter of public interest. "[W]hile the First Amendment invests public employees with certain rights, it does not empower them to 'constitutionalize the employee grievance.'" *Garcetti v. Ceballos*, 547 U.S. 410, 420 (2006) (quoting *Connick*, 461 U.S. at 154).

As the District Court was correct that the allegations pled in Abernethy's complaint do not establish constitutionally protected conduct, he failed to state a cause of action for retaliation under the First Amendment. Thus we affirm the District Court's dismissal of this action.[3]

---

thus we would not credit them. *See Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

[3] Because we conclude the District Court correctly found Abernethy had failed to state a claim based on the absence of an issue of public interest, we do not address Captain Mercer and Corporal Lewis' argument that Abernethy's speech was also not protected because it was made as part of his official duties or Officer Fishel's assertion that she is entitled to qualified immunity.